UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------x
                                                :
GAETANO D'ATTORE,                               :
                                                :
                            Petitioner          :    11 Civ. 2987 (TPG)
                                                :
            – against –                         :    **OPINION**
                                                :
EVELYN MIRABAL, WARDEN                          :
                                                :
                            Respondent.         :
                                                :
------------------------------------------------x
```

In this action, petitioner Gaetano D'Attore seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his state court conviction for numerous crimes related to unlawful possession of weapons. Respondent moves to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) in lieu of answering the petition.

Respondent's motion is granted and the petition is dismissed.

## BACKGROUND

This account of the facts underlying petitioner's conviction is taken from his § 2254 petition and respondent's motion.

Facts

On April 12, 2007, petitioner's then-wife Norma Da Conceicao went to the 45th Precinct Station in the Bronx and informed the police that petitioner had a cache of firearms inside the home she shared with petitioner and her children. Ms Da Conceicao consented to a search of the home, which yielded,

*inter alia*, a .22 caliber assault rifle, firearm ammunition, and a rifle scope. On May 11, 2007, Ms. Da Conceicao consented to a second search of the home, during which the police, with the guidance of petitioner's sister Laura D'Attore, found, *inter alia*, a defaced .45 caliber handgun, two .22 caliber handguns, and more ammunition.

Petitioner was then indicted on nearly thirty counts, including criminal possession of a weapon (in second, third, and fourth degree), criminal possession of stolen property in the fifth degree, unlawful possession of ammunition, unlawful possession of handcuffs, and endangering the welfare of a child.

Procedural History

After petitioner's indictment, he moved to suppress the introduction of evidence recovered in the search of his home and statements uttered immediately after his arrest.  The Supreme Court denied his suppression motion in a Mapp/Dunaway hearing held on May 24, 2010, on the grounds that 1) petitioner's then-wife had authority to consent to the searches and did so consent; and 2) the statements to which petitioner objected were made voluntarily and not in response to interrogation.  Petitioner then proceeded to a bench trial, where he was found guilty on May 26, 2010 of second-degree criminal possession and several other counts. As a second-felony offender, petitioner was sentenced to fourteen years imprisonment on July 1, 2010. Due to a clerical error, petitioner was then resentenced to the same term on February 28, 2011.

Petitioner appealed his conviction to the Appellate Division, First Department. Petitioner was assigned counsel to perfect his direct appeal, which has not yet been perfected and is still pending.

Petitioner has since filed a flurry of petitions and motions in state and federal court, including a state habeas corpus petition, a motion to challenge his conviction pursuant to N.Y. Crim. Proc. Law § 440.10, an application to the New York Court of Appeals for a certificate granting leave to appeal from the Appellate Division, and the present petition under 28 U.S.C. § 2254.

## The Present Petition

On April 25, 2011 petitioner filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising a number of claims. First, petitioner claims that the police lacked probable cause to arrest him. Second, petitioner claims that the state maliciously prosecuted the case despite having no admissible evidence against him, and the trial court convicted based solely upon improperly admitted evidence obtained pursuant to an unlawful search authorized by a person without authority to consent to the search. Third, petitioner claims that he was denied effective assistance of counsel by his lawyer's actions and inactions at trial, many of which petitioner disagreed with at the time.  Fourth, petitioner claims the state violated state laws establishing the timeline for a speedy criminal trial.

On July 7, 2011, respondent, rather than filing an answer on the merits of the petition, filed a motion to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(6), arguing that petitioner had not exhausted available state court

remedies. Petitioner then filed his own 12(b)(6) motion to dismiss the States' motion, which the court construes as a response to the state's motion. In addition, petitioner has filed two other duplicative Section 2254 petitions,[1] a motion to stay, a motion for release from custody, and a motion to compel a hearing, all of which are substantially identical to the present petition.

## DISCUSSION

Before a federal district court can hear a state prisoner's petition for a writ of habeas corpus, the petitioner must have exhausted the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). A petitioner exhausts his federal claims by raising them through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To do so, petitioner must present his claims to the state's highest court, even if review in that court is discretionary. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). To satisfy these requirements in New York, a criminal defendant must first appeal his conviction to the Appellate Division and then apply to the Court of Appeals for a certificate granting leave to appeal. See Galdamez v. Keane, 394 F.3d 68, 74 (2d Cir. 2005).

Here, petitioner has not yet perfected his pending appeal before the Appellate Division, much less properly applied to the Court of Appeals for a certificate granting leave to appeal that decision.[2] As such, petitioner has not exhausted his habeas claims in state court, so his petition is dismissed.

---

[1] These have been dismissed without prejudice to the present action.
[2] Petitioner has already filed for leave to appeal to the Court of Appeals, but that filing was obviously premature given the absence of a decision by the Appellate Division. Accordingly, the court denied leave to appeal.

- 5 -

**Conclusion**

For the foregoing reasons, respondent's motion to dismiss the petitioner's habeas corpus petition is granted. This decision resolves all the outstanding motions currently on the docket.

As petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue. See 28 U.S.C. § 2253(c). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

Dated: New York, New York
       December 16, 2011

_____
Thomas P. Griesa
U.S.D.J.